IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE KEVIN WILLIAMS,          :

    Petitioner,          :

v.          :

                CIVIL ACTION 09-0299-CG-M

KENNETH JONES,          :

    Respondent.          :


<u>REPORT AND RECOMMENDATION</u>

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this petition be denied, that this action be dismissed, and that judgment be entered in favor of Defendant Kenneth Jones and against Petitioner Willie Kevin Williams.

Petitioner was convicted of second degree criminal possession of a forged instrument in the Circuit Court of Baldwin County on February 26, 1999, for which he received a sentence of fifteen years in the state penitentiary; however, the sentence was split so that Williams would serve one year and one day to be followed by five years of supervised probation (Doc. 1; *cf.* Doc. 20, Exhibit A, pp. 1-2).  Petitioner did not appeal the

conviction or sentence (*see* Doc. 20, p. 1).  On October 29, 2006, Williams's probation was revoked and he was ordered to serve the balance of his original fifteen-year sentence (*see* Doc. 20, Exhibit A, pp. 2-3).  Petitioner appealed the probation revocation, but the Alabama Court of Criminal Appeals affirmed the lower court decision (Doc. 20, Exhibit A).  On September 12, 2008, the Alabama Supreme Court denied Williams's petition for writ of *certiorari* and judgment was entered (Doc. 20, p. 117).

Petitioner filed a complaint with this Court on May 29, 2009, raising the claim that he is falsely imprisoned and illegally incarcerated (Doc. 1).  Respondent has answered the petition and asserted that it is due to be dismissed (Doc. 20).

The Court first notes that Orders sent to Petitioner have been returned to the Court (Docs. 15, 16, 19, 22).  Though ordered to inform the Court if Williams was still in the State's custody, Respondent has failed to do so (*see* Doc. 18).  The Court's own search reveals that Petitioner is not in the State's custody.[1]  Because of Petitioner's failure to prosecute this action, it is the Magistrate Judge's recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which is an adjudication on the merits, as no other lesser sanction will suffice.  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (interpreting Rule 41(b) not to

---

[1]A check of the Alabama Department of Corrections website reveals that Petitioner is no longer incarcerated with the State.

restrict the Court's inherent authority to dismiss *sua sponte* an action for lack of prosecution).

The Court further notes, however, that Williams has not asserted any Constitutional grounds for bringing this action (*see* Doc. 1).  The failure to raise a Constitutional claim fails to satisfy the requirements of the habeas statute.  28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus . . . only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").  This action should be dismissed.

Petitioner has raised a single claim in bringing this action.  The Court found that Williams failed to prosecute this action and that it should be dismissed on that basis.  The Court further found that Petitioner failed to assert a Constitutional basis for bringing this action; again, for that reason, the action should be dismissed.  Therefore, it is recommended that this petition (Doc. 1) be denied, that this action be dismissed, and that judgment be entered in favor of Defendant Kenneth Jones and against Petitioner Willie Kevin Williams.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate

judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d
736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404
(5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging
the findings and recommendations of the magistrate judge is set
out in more detail in SD ALA LR 72.4 (June 1, 1997), which
provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days after being served with
> a copy of the recommendation, unless a different time
> is established by order.  The statement of objection
> shall specify those portions of the recommendation to
> which objection is made and the basis for the
> objection.  The objecting party shall submit to the
> district judge, at the time of filing the objection, a
> brief setting forth the party's arguments that the
> magistrate judge's recommendation should be reviewed <u>de
> novo</u> and a different disposition made.  It is
> insufficient to submit only a copy of the original
> brief submitted to the magistrate judge, although a
> copy of the original brief may be submitted or referred
> to and incorporated into the brief in support of the
> objection.  Failure to submit a brief in support of the
> objection may be deemed an abandonment of the
> objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.   <u>**Transcript (applicable where proceedings tape recorded)**</u>.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 9th day of September, 2009.


                         s/BERT W. MILLING, JR.
                         UNITED STATES MAGISTRATE JUDGE

4